CONCRETE INDUSTRIES, INC., Plaintiff and Appellee, *v.* RAFAEL A. BUSCAGLIA, TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 8660. Argued July 28, 1943.—Decided November 1, 1943.

M. *Rodríguez Ramos* and *A. E. Franco Cabrero, Deputy Attorney General,* for appellant. *Damián Monserrat, Jr.,* and *Rafael Baragaño, Jr.,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The corporation Concrete Industries, Inc., was declared to be a new industry by the Public Service Commission on the ground that it is engaged in the manufacture of concrete blocks by a special process new in Puerto Rico, in a decision rendered on January 15, 1941, approved by the Governor of Puerto Rico on April 29, 1942. In its decision the Public Service Commission admitted as proved that the process and materials used in the manufacture of such blocks are as follows:

"Sand, cement and gravel (stone finely broken) are mixed wet in a mixer; this mixture is cast into an iron mould for making blocks and is pressed down by an automatic hammer. The pressure applied is 1,400 pounds per square inch. The added water is sufficient for the material pressed down into mould to remain intact when the latter is removed. The concrete so pressed is 'cured', under cover, during 48 hours, and is continuously kept wet . . . At the end of the above period the blocks are kept for eight more days, still wet, in the open air, so that the concrete may thoroughly harden."

Consequently, the commission ruled that the corporation was entitled to tax exemption as provided by §3 of Act No. 94 approved May 14, 1936 (Spec. Sess. Laws, p. 494) set forth in the margin.[1] Notwithstanding this, the Treasurer

[1] "Section 3.—The Public Service Commission of Puerto Rico is hereby authorized to grant tax exemption to all such new industries as may be established in Puerto Rico, and its decisions shall have the approval of the Governor

of Puerto Rico sought to collect from the corporation an excise tax, under the internal revenue act in force of 2½ cents for each hundredweight of cement imported or used in the manufacture of concrete blocks. Thereupon the corporation applied to the District Court of San Juan and moved for a declaratory judgment to the effect that "all the cement imported by the plaintiff or to be imported by it in the future, and all the cement to be acquired in Puerto Rico by it and which is subject to the excise tax provided for in the Internal Revenue Act, is exempt from said tax by reason of the tax exemption granted by the Public Service Commission," and said court, after hearing the parties, rendered a declaratory judgment as prayed for by the corporation.

The defendant brought the present appeal and alleges that the lower court erred "in declaring that the cement imported and used by the plaintiff in the manufacture of concrete blocks is exempt from the payment of the excise tax prescribed by the Internal Revenue Act of Puerto Rico when it erroneously construed Act No. 94 of May 14, 1936."

The contention of the appellant throughout has been that under §2 of Act No. 94 of 1936, cement imported and used by the plaintiff can not be considered as raw material of the industry in which it is engaged. Said Section reads as follows:

---

of Puerto Rico. The new industries to which tax exemption is granted, as well as their buildings, machinery, materials and, in general, all such property rights, and privileges owned by them as are essentially required for their work and operation, shall be exempt from taxes for such term as the Public Service Commission of Puerto Rico may prescribe, which term shall in no case exceed ten (10) years, and shall be counted from the date on which the industrial installation is completed; *Provided*, That such tax exemption shall not include income taxes to be paid by the person, firm, partnership, or corporation operating the new industry, or the assessments under the Workmen's Compensation Act. For the purpose of granting the exemption hereinbefore mentioned, the Public Service Commission shall hold such public hearings as it deems advisable and shall require of the petitioner the presentation of such evidence as will justify the grant requested; *Provided, further,* That no decision to exempt any new industry from taxes shall be valid unless duly approved by the Governor of Puerto Rico."

"Section 2.—For the purposes of this Act, *new industry* shall be understood to be all such methods of processing and manufacture, either by hand or by machinery, as, by transforming raw material, shall have as their object the production of articles of commerce never before produced in Puerto Rico; *Provided,* That such processed or manufactured products, properly finished, as may be utilized in connection with such industries, shall not be considered as raw material."

In spite of his denial, what the defendant and appellant is doing is to make a tardy attack on the final decision of the Public Service Commission declaring plaintiff's industry to be a new one. We have already seen that the commission admitted, as a proved fact, the nature of the process and the materials used by the corporation in the manufacture of concrete blocks. One of the materials, the principal one, is cement. Whether or not it was error to consider it to be a raw material is not a question to be determined now. As properly stated by the lower court in its opinion:

"The question of whether or not the industrial process of the plaintiff is one which transforms raw material and produces an article never before manufactured in Puerto Rico is a question already determined by the Public Service Commission and the Governor. The defendant does not attack the decision of the commission.

"Once the existence of the new industrial process has been decreed and accepted, the question as to which of the materials used in the industrial process constitute or not raw material ceases to be relevant. All of them are exempt from taxation according to the clear language of the statute, as are also the buildings, the machinery, etc. The cement whether considered as raw material or not is one of the materials which is 'essentially required' for the work and operation of the industry of the plaintiff. Therefore, it is plainly exempt from taxation. . ."

Moreover, if we discarded the cement as one of the materials "essentially required" in the industrial process of the appellee, we would have to reach the absurd conclusion that the concrete blocks could be manufactured by using exclusively the other two materials specified, that is to say, sand and gravel. It is true that under the proviso of §2,

*supra,* no such processed or manufactured products, properly finished, as may be utilized in connection with such industry shall be considered as raw material. However, if the Public Service Commission found that in the manufacture of concrete blocks cement was a material "essentially required," when mixed with sand and gravel for its transformation into a distinct product new in Puerto Rico, we would not be justified in holding that such material is not one of those expressly exempt from taxation under §3 of the Act, *supra,* inasmuch as the determination reached by the commission was not the subject matter of any attack whatsoever by the appellant.

The purpose of the Legislature in enacting Act No. 94 was to encourage the establishment of new industries in Puerto Rico, exempting them, for a reasonable period, from the payment of all taxes, except those expressly specified in the Act, it being, however, the duty of the Public Service Commission to hold public hearings before rendering a decision, and even this does not become effective until approved by the Governor.

As Concrete Industries, Inc., was declared a new industry by the Public Service Commission and its decision was approved by the Governor, we hold that, as to the scope of the tax exemption, §3 of the Act, *supra,* which covers all the materials "essentially required" for the work and operation of its industry, should prevail.

The judgment appealed from should be affirmed.

